CHAIRMASTERS, INC., Respondent-Appellant, *v.* PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant-Respondent.

*Per Curiam.* The controversy here relates to defendant's duty under a contract by which defendant issued a letter of credit in plaintiff's favor and agreed to honor drafts against the letter upon receipt of bills of lading and certificates of inspection by a designated inspection agency. The contract specifically provided that defendant would not be responsible for the existence, character, quantity, quality or condition of the property purporting to be represented by the documents, or for the validity, sufficiency or genuineness of the documents. The agreement also provided that the "Uniform Customs and Practice for Commercial Documentary Credits Fixed by The Thirteenth Congress of The International Chamber of Commerce" was to be binding upon the parties. These customs were of like import to the contract provisions just mentioned.

Defendant honored drafts drawn under the letter of credit upon receipt of the required documents. The certificates of inspection received purported to vouch for the quantity and quality of the merchandise shipped on the basis of spot checks rather than upon complete inspections. Plaintiff claims that all the merchandise which it received was of inferior quality and seeks to hold defendant liable upon a claim that the certificates of inspection were insufficient upon their face and should not have been honored.

Cross motions for summary judgment were denied, the court holding that there was a triable issue as to whether or not the certificates were a sufficient compliance with the terms of the contract.

The parties are in agreement that there are no triable issues and that no further relevant facts would be developed by a trial. Indeed the facts are clear and undisputed and the question is one of legal consequence.

We hold that, under the contract and the "Uniform Customs and Practice" referred to in the contract, defendant was not obliged to reject the certificates of inspection or answer for their alleged insufficiency.

It is further to be noted that the deficiencies in the shipments were not confined to the goods not inspected and cannot be laid to the fact that the goods were only partially rather than completely inspected. What is claimed is that there was a total failure of the goods to come up to specifications and that in effect the certificates were fraudulent. Defendant was specifically exempt from liability for any such fraud or the failure of the goods to come up to quality.

Furthermore, it is to be noted that in respect to two of the shipments plaintiff acted with less than alacrity in advising defendant of its exceptions to the certificates of inspection after receiving notice of their alleged insufficiency.

The order appealed from should be modified to grant defendant's motion for summary judgment, with costs to defendant.

Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ., concur.

Order, so far as appealed from, unanimously modified insofar as to grant defendant's motion for summary judgment and, as so modified, affirmed, with $20 costs and disbursements to the defendant, and judgment is directed to be entered in favor of defendant for the amount prayed for in the counterclaim contained in defendant's answer and dismissing complaint herein, with costs.